UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2003 DEC 17 P 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MAVERICK CONSTRUCTION CORP., | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No.: |
| BUILDING AND CONSTRUCTION TRADES COUNCIL OF BOSTON; LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and LOCAL 223, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, | ) |
| *Defendants.* | ) |

03 CV 12537 WGY

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED X-3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M
DATE 12-17-03

## COMPLAINT

MAGISTRATE JUDGE Collings

This is an action for damages brought by Maverick Construction Corp. ("Maverick"), pursuant to Section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187, alleging that, commencing on or about April 30, 2003, the defendants engaged in an unlawful secondary boycott against Maverick in violation of Section 8(b)(4) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b)(4).

### Parties and Jurisdiction

1.  Maverick is a Massachusetts corporation with a principal place of business located at 1 Westinghouse Plaza, Hyde Park, Massachusetts 02136.

2.  Maverick provides design, repair, construction and related services to public utilities, the telecommunications industry, and other customers.

3. Maverick is party to a collective bargaining agreement with Local 369 of the Utility Workers Union of America ("UWUA 369"), which represents a unit of Maverick's employees.

4. The Building and Construction Trades Council of the Metropolitan District (the "Council") is a labor organization within the meaning of Section 2(b) of the NLRA, 29 U.S.C. § 152(5), and maintains a place of business at 12A Everdean Street, Suite 2, Boston, Massachusetts 02122.

5. Local 103 of the International Brotherhood of Electrical Workers ("IBEW 103") is a labor organization within the meaning of Section 2(b) of the NLRA, 29 U.S.C. § 152(5), and maintains a place of business at 256 Freeport Street, Dorchester, Massachusetts 02122.

6. Local 223 of the Laborers International Union of North America ("LIUNA 223") is a labor organization within the meaning of Section 2(b) of the NLRA, 29 U.S.C. § 152(5), and maintains a place of business at 12A Everdean Street, Boston, Massachusetts 02122.

7. Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 187, this Court has original jurisdiction over the federal claims in this matter.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 185.

## Allegations

9. The Council, IBEW 103, and LIUNA 223 are parties to a collective bargaining agreement known as the Boston Convention Center and Exhibition Center Project Labor Agreement ("PLA"), relating to "Construction Work" performed at the Boston Convention Center and Exhibition Center project (the "Project").

10. The construction manager for the Project, Clark/Huber, Hunt & Nichols/Berry (the "Project Manager"), is also a party to the PLA.

11. Section 4 of the PLA specifically excludes "work performed on or near the Site by state, county, city or other governmental bodies or by public utilities" from the definition of "Construction Work."

12. Maverick was engaged by a public utility to repair the public utility's telephone duct banks, located on or near the Project site, which had been damaged in the course of construction at the project.

13. On or about April 30, 2003, Maverick employees represented by UWUA 369 began work on the public utility's telephone duct banks on or near the Project site.

14. On or about April 30 and May 1, 2003, the defendants, through their officers, agents, representatives and members, threatened the Project Manager that the Project Manager's employees would engage in a work stoppage if Maverick's employees represented by UWUA 369 continued to work on the public utility's assets on or near the Project site.

15. As an intended result of the defendants' actions, the Project Manager refused to permit Maverick employees onto the Project site to complete their work for the public utility.

16. As a further intended result of the defendants' actions, the public utility assigned the work to another contractor whose employees were members of the defendants.

### Secondary Boycott (LMRA § 303)

17. Maverick repeats and re-alleges the allegations set forth in Paragraph 1 – 16 as if set forth in full herein.

18. The defendants' actions had an unlawful secondary objective, which objective was realized when Maverick's employees were not able to perform work for the public utility on or near the Project site, and when the work was reassigned to another contractor whose employees were members of the defendants.

19. The defendants' actions constituted an unlawful secondary activity proscribed by Section 8(b)(4) of the NLRA, 29 U.S.C. § 158(b)(4).

20. As a direct and proximate result of the defendants' actions, Maverick's business was injured and Maverick lost the value of its contract with the public utility.

WHEREFORE, Maverick prays for the following relief:

A. That this Court award monetary damages to Maverick for the injuries resulting from the defendants' unlawful conduct; and

B. That this Court enter such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

MAVERICK CONSTRUCTION CORP.

By its attorneys,

David S. Rubin, BBO # 546213
EPSTEIN, BECKER & GREEN, P.C.
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

DATED: December 16, 2003

4