UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAVERICK CONSTRUCTION CORP.<br><br>Plaintiff<br><br>v.<br><br>BUILDING AND CONSTRUCTION TRADESCOUNCIL OF BOSTON; LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTIRCAL WORKERS; AND LOCAL 223 OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA<br><br>Defendants | C.A. No. 03-12537- WGY |

### AMENDED ANSWER OF LOCAL 223, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

Comes now Local 223 of the Laborers' International Union of North America and hereby answers the complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Local Union 223 notes that the allegations of Paragraph 7 are legal conclusions. Accordingly, Local 223 leaves the Plaintiff to his proof.

1

## CERTIFICATION OF SERVICE

    I, Thomas B. Coffey, Jr., hereby certify that I caused a copy of the foregoing to be mailed this __15th__ day of March 2004, to David S. Rubin, Esq., Epstein, Becker & Green, PC., 111 Huntington Avenue, Boston, MA 02199 and Christopher N. Souris, Esq., Krakow & Souris, LLC, 225 Friend Street, Boston, MA 02114.

_/s/ Thomas B. Coffey, Jr._

8. Local Union 223 notes that the allegations of Paragraph 8 are legal conclusions. Accordingly, Local 223 leaves the Plaintiff to his proof.

9. Admitted.

10. Admitted.

11. Admitted.

12. It is currently the understanding of Local 223 that the Plaintiff was engaged by a public utility to perform general repair and maintenance work. However, Local 223 is without sufficient knowledge to admit or deny the remaining allegation of paragraph 12.

13. Admitted.

14. Denied.

15. Denied as being a result of any action of Local 223. Admit that Maverick employees left the site.

16. Denied as being a result of any action of Local 223. Denied that members were so employed in traditional utility maintenance work. Admit that some members were subsequently employed in traditional construction work involving the replacement of major parts of the system.

17. Local 223 relies upon, and incorporates herein, its responses to Paragraphs 1-16 above.

18. Denied as to unlawful objective. Again, members were not so employed in traditional utility maintenance work. Admit that some members were subsequently employed in traditional construction work involving the replacement of major parts of the system.

19. Denied.

20. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

2. Plaintiff's claim is barred by the applicable statute of limitations.

3. Plaintiff's claim is barred by the doctrines of res judicata and collateral estoppel.

4. Plaintiff's claim falls within the primary jurisdiction of the National Labor Relations Board.

5. Plaintiff has failed to exhaust arbitral and administrative remedies.

WHEREAS, Local 223 of the Laborers' International Union of North America prays for The following relief:

    A. That this Court deny and dismiss the Complaint against it; and
    B. That this court award Local 223 the attorney fees and costs associated with the defense of this action.

RESPECTFULLY SUBMITTED:
LOCAL UNION 223 OF THE LABORERS'
INTERNATIONAL UNION OF NORTH
AMERICA

BY ITS ATTORNEY

_____
Thomas B. Coffey, Jr. BBO #087980
Office of the Regional Attorney
7 Laborers' Way
Hopkinton, MA    01748

Dated: MARCH 15, 2004

3